IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEN GRANT, and CARYL GRANT as
individuals and as husband and wife,

       Plaintiffs,

vs.

                                              Civ. No. 03-0931 MV/RHS

CITY OF RIO RANCHO; Planning and
Zoning Chairman; ART CORSIE, also,
Director of City Development; individually
and in his capacity as Officer of the City of
Rio Rancho,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on Defendants' Motion to Strike Response Brief, filed March 1, 2004, **[Doc. No. 23]**. The Court, having reviewed the motion, briefs, and being fully advised on the law, finds that the motion is not well-taken and will be **DENIED**.

      On November 14, 2003, Defendants filed a motion to dismiss. Pursuant to Local Rule 7.6(a), which permits parties to agree to an extension of time unless the extension will interfere with established case management deadlines, Defendants granted Plaintiffs several extensions of time to respond to the motion. *See* D.N.M.LR-Civ. 7.3(a)(3). As a result of these extensions, Plaintiffs' response was due on February 2, 2004. On January 28, 2004, Defendants sent a letter to Plaintiffs confirming that the deadline for responding to the motion to dismiss was February 2, 2004.

      Late on February 2, 2004, Plaintiffs faxed their response to Defendants. The parties

dispute whether the February 2, 2004 fax transmission was complete. On February 3, 2004, Plaintiffs faxed a second copy of the response to Defendants. Also on February 3, 2004, Plaintiffs attempted to file their response but it was rejected by the Court because it exceeded 24 pages in length. Plaintiffs subsequently corrected the font size, which reduced the response to an acceptable length, and filed the response on February 11, 2004.

Plaintiffs' response refers to, and relies on, an affidavit by Mr. and Mrs. Fucile. The affidavit, however, was not attached to the copy of the response faxed to Defendants on February 2, 2004, the copy of the response provided to Defendants on February 3, 2004, or the reformatted response filed with the Court on February 11, 2004. On February 20, 2004, Plaintiffs filed the Affidavit of Robert and Kathleen Fucile. Defendants contend that they have never received a copy of this affidavit.

Defendants seek to strike Plaintiffs' response as untimely pursuant to Local Rule 7.1 (b). Local Rule 7.1 (b) states that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).[1]

Plaintiffs assert that their response is not untimely because the parties agreed upon a date by which Plaintiffs would provide their response to Defendants and "no mention was ever made of a 'filing date.'" Plaintiffs' position is wholly unpersuasive. There is no indication in the record that the parties contemplated that service and filing of the response would not occur

---

[1] Defendants also contend that the response brief should be stricken pursuant to Local Rule 7.1(b) because it is "disorganized, repetitive, unduly argumentative, incoherent, and replete with references to alleged facts which have never been pled . . .[and] so lacking in clarity that a concise reply cannot be submitted." While Plaintiffs' response is not a model of conciseness or clarity, it is not so incoherent that Defendants cannot reasonably formulate a reply. Furthermore, Local Rule 7.1(b) does not provide any basis for the Court to strike a response that is disorganized, repetitive, and/or incoherent.

simultaneously. Furthermore, such a position is inconsistent with local rules, which assume that a response will be filed and served simultaneously. *See, e.g.*, D.N.M.LR-Civ. 7.1(b) ("failure to *file and serve* a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.") (emphasis added).

There is no question that Plaintiffs failed to file their response by the deadline established by the parties and that Plaintiffs have failed to come forward with any reasonable explanation for this failure. However, while Plaintiffs' actions were careless, there is no indication that Plaintiffs acted in bad faith. Furthermore, the delay in filing the response and the supporting affidavit with the Court had no effect on the judicial proceedings and any prejudice to Defendants can be cured by extending the time for Defendants to file their reply brief. Under these circumstances, the Court will decline to strike Plaintiffs' response as untimely. Plaintiffs, however, should not count on such a reprieve in the future.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Response Brief, filed March 1, 2004, **[Doc. No. 23]** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs have three days from the date of this Order to serve Defendants with a copy of the Affidavit of Robert and Kathleen Fucile.

**IT IS FINALLY ORDERED** that Defendants have fourteen days from service of the Affidavit of Robert and Kathleen Fucile to file their reply in support of Defendants' Motion to Dismiss.

Dated this 20th day of August, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Peter Everett, IV, Esq.

Attorneys for Defendants:
    Randy S. Bartell, Esq.
    Tonia Ouellette Klausner, Esq.